336 F.3d 343
 Dwight HARRIS; Gene Martin, Plaintiffs-Appellants,
v.
VICTORIA INDEPENDENT SCHOOL DISTRICT; Paul Kornfuehrer, in his official and individual capacities; Clay Cain, in his official and independent capacities; Ivan Green, in his official and independent capacities; Randy Pollard, in his official and independent
capacities; Margaret Easley, in her official capacity only; Reuban Murray, in his official capacity only; Theresa Guitierrez, in her official capacity only; Robert P. Brezina, in his official and individual capacities, Defendants-Appellees.
 No. 97-41015.
 United States Court of Appeals, Fifth Circuit.
 July 6, 1999.
 
 Martha Powell Owen, Wiseman, Durst, Tuddenham & Owen, Austin, TX, for Plaintiffs-Appellants.
 Arturo Gabriel Michel, Philip D. Fraissinet, Bracewell & Patterson, Houston, TX, for Victoria Independent School District, Easley, Murray and Guitierrez.
 Roger D. Hepworth, Henslee, Fowler, Hepworth & Schwartz, Austin, TX, Virgil Jay Youngblood, Henslee, Fowler, Hepworth & Schwartz, Tyler, TX, for Kornfuehrer, Cain, Green, Pollard and Brezina.
 Mark Craig Rains, Mark C. Rains & Associates, Victoria, TX, for Brezina.
 Appeal from the United States District Court for the Southern District of Texas.
 
 ON PETITIONS FOR REHEARING AND REHEARING EN BANC
 
 Before SMITH, DUHÉ, and WIENER, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Petition for Rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on Rehearing En Banc, (FED. R. APP. P. AND 5TH CIR. R. 35) the Petitions for Rehearing En Banc are also DENIED.
 
 
 2
 We reiterate that a reasonable school official involved in the factual scenario of this case would know it is unconstitutional to request specific information from teachers who are obligated to respond, and then retaliate against them when they provide unflattering information. We carefully considered the content, form and context of the Plaintiffs' speech and held the Plaintiffs' speech is constitutionally protected because it was in response to Superintendent Brezina's request for an update on the implementation of the improvement plan. The Plaintiffs were charged with this duty as members of the ICC and the SBDM committees. To hold that the Plaintiffs' speech is not protected is to require teachers to sit on their hands, abandoning their legislatively created duties as committee members, allowing the school environment to deteriorate to an even more deplorable level in order to keep their jobs.
 
 
 3
 Additionally, we note that while our statement in Noyola v. Texas Dep't of Human Resources, 846 F.2d 1021, 1026 (5th Cir.1988) still reflects the law of this circuit, it is distinguishable from the instant case.[1] Noyola clearly refers to the Pickering balancing test which balances the employee's interest in free speech against the government as employer's interest in discipline and efficiency in the workplace. It is important to note that in Harris the Defendants did not effectively allege that Harris and Martin's speech disrupted the school environment or affected their work in any way. No balancing was required because one side of the scale sat empty. See Vojvodich v. Lopez, 48 F.3d 879, 887 (5th Cir.1995) ("[s]ince Sheriff Lopez has alleged no disruption of governmental functions as a result of Vojvodich's activities, we cannot hold he is entitled to qualified immunity"); Boddie v. City of Columbus, Mississippi 989 F.2d 745, 750 (5th Cir.1993) (holding qualified immunity unavailable because there was no government interest to balance); Click v. Copeland, 970 F.2d 106, 112-13 (5th Cir.1992) (holding the failure of defendants to claim any disruption in workplace resulting from speech is fatal to his claim of qualified immunity).
 
 
 4
 JERRY E. SMITH, Circuit Judge, dissents from the denial of panel rehearing for the reasons set forth in his dissent from the panel opinion.
 
 
 
 Notes:
 
 
 [1]
 One consequence of case-by-case balancing is its implication for qualified immunity of public officials whose actions are alleged to have violated am employee's first amendment rights. There will rarely be basis for a priori judgment that the termination or discipline of a public employee violated "clearly established" constitutional rights.
 Noyola, 846 F.2d at 1025. (emphasis added).